By the Court,
Garvin, J.
The first question presented in this case for our consideration, is whether the plaintiff was entitled to judgment upon the facts proved, although not upon the cause of action set forth in the complaint; upon which he cannot recover. If the cause of action had been for refusing and neglecting to deliver the goods at Sandy Hook, when demanded, it would have presented a very different question. The goods having been thereafter lost or destroyed, the defendants might have been liable, because part of the arrangement was to forward to an agency nearest the place of destination. This was Sandy Hook, where the goods were detained for the want of a military permit to allow their passage to Harper’s Ferry. Here the consignee elected to take and receive them. This brings us to the question of the plaintiff’s right to judgment ■ under this complaint, upon the facts proved. At the *674 close of the plaintiff’s case, the defendants moved to dismiss the complaint, on the "ground that no contract had been proved as alleged. This is equivalent to saying the cause of action, as alleged in the complaint, has not been proved. If no such question had been raised, and the parties had proceeded without. objection to the evidence, or raising any suoh question, thereby virtually agreeing to try a cause of. action not in the complaint, or covered by the answer, and allowed the evidence to go to the referee without regard to the pleadings, he, no doubt, might have pronounced any judgment which the facts proved authorized, or to which the party was entitled. (Code, § 173.) But where the allegation- of the cause of action or defense to which proof is directed, is “ unproven ” in its entire scope and meaning, and the objection is taken to the admissibility of evidence, showing another ground of action, or the question is raised directly, on motion to dismiss the complaint, it is held under section 170 of the Code to be a failure of proof. (Belknap v. Sealey, 14 N. Y. Rep. 143. 3 Bosw. 250. Id. 615. 10 N. Y. Rep. 363.) The allegation in the complaint of notice and direction to forward to Washington, was not proved, and so the referee has found ; but a demand and refusal to deliver the goods at Sandy Hook was proved. Upon this evidence the referee bases his report. In this we think he errred. The allegation in the complaint was, in its entire scope and meaning, not proved. To allow a conformation of pleadings now to any facts proved, would authorize the plaintiff to recover for a tort, in an action upon a contract. The judgment must be reversed, and a new trial ordered, costs of appeal to the appellant to abide the event.
Order of reference vacated.